UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CESAR DE LA GARZA,

        Petitioner,

v.

JESSICA SYMMES,

        Respondent.

Civil File No. 06-2562 (RHK/JJG)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In February 2002, Petitioner was convicted in the state district court for Kandiyohi County, Minnesota, on a charge of second degree intentional homicide. He was sentenced to 326 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota.

Following his conviction, Petitioner filed a direct appeal, claiming that he had been deprived of his constitutional rights to a speedy trial and effective assistance of counsel. The

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Minnesota Court of Appeals denied Petitioner's speedy trial claim on the merits, and dismissed his ineffective assistance of counsel claims without prejudice. State v. de la Garza, No. C9-02-877, (Minn. App. 2003), 2003 WL 21321387 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on August 19, 2003.

Petitioner purportedly filed a post-conviction motion in the trial court on August 19, 2004. That motion apparently was denied, and Petitioner claims that he filed another appeal. According to Petitioner, his state post-conviction case was still pending in the Minnesota Court of Appeals when he filed his current federal habeas corpus petition.

Petitioner's present petition lists two grounds for relief, both of which are so convoluted as to be nearly incomprehensible. "Ground One" is described as "Denial of the right to; appeal; Effective Assistance of appellate Counsel and trial counsel; Right to counsel at critical stages and over night - recess; Self-representation; And Right to Fair trial, and speedy trial, all in violation of 14th Amend. U.S. Const Due Process & Equal Protection of the law." (Petition, [Docket No. 1], p. 4.) "Ground Two" is described as "Denial of the assistance of counsel; conflict of Interest; ABDICATION of Duty of Loyalty; Ineffective Assistance of Counsel At Trial and on Direct Appeal; And Denial of the Right to Appeal; In violation of 14th Amend U.S. Const. Due Process & Equal Protection of law." (Id., p. 14.)[2] None of Petitioner's current habeas corpus claims can be entertained at this time, however, because he has not exhausted his state court remedies.

---

[2] Needless to say, if Petitioner ever files another federal habeas corpus petition, he should take much greater care to present each individual claim for relief, and the facts supporting it, <u>separately and distinctly</u>. The current compound presentation of his claims amounts to little more than gibberish.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845 (emphasis added).  Therefore, to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that most of Petitioner's current claims for relief have not been fairly presented to, or addressed on the merits by, the Minnesota Supreme Court. It appears that the only claim that could possibly be exhausted is the speedy trial claim that the Minnesota Court of Appeals rejected on the merits in Petitioner's direct appeal. None of Petitioner's other current claims, (whatever they may be), have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court. Therefore, Petitioner's current application for habeas corpus relief is clearly a mixed petition – i.e., a petition that includes unexhausted claims.

In fact, Petitioner candidly acknowledges that he has not exhausted his state court remedies for some of his current claims. His petition is accompanied by a self-styled "Motion For Stay And Abeyance Of Federal Habeas Corpus Proceedings," (Docket No. 6), in which he states that "Petitioner is not yet concluded exhausting the issues herein in state court remedies."

In his "Motion For Stay And Abeyance," Petitioner asks the Court to stay his current habeas corpus petition, and hold it in abeyance, until after his pending state post-conviction proceedings, (including all possible state court appeals), have been fully completed. This request for stay is based on the Supreme Court's decision in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

In <u>Rhines</u>, the Supreme Court held that, under certain narrowly prescribed circumstances, federal courts can stay, rather than dismiss, an action in which a state prisoner has filed a mixed habeas corpus petition. The Court recognized that "stay-and-abeyance" might be appropriate in certain cases where the outright dismissal of a mixed petition could

cause a prisoner to lose his opportunity for federal habeas review of his unexhausted claims, because of the one-year statute of limitations that applies to federal habeas petitions. 28 U.S.C. § 2244(d). A stay might be appropriate, the Court held, where the statute of limitations had not expired before the prisoner filed his federal habeas petition, but the statute expired before the federal district court found the petition to be a "mixed" one. In such a situation, the prisoner's unexhausted claims could be preserved for future federal court review, if the habeas case were stayed, (rather than dismissed), while the prisoner returned to state court and attempted to exhaust his previously unexhausted claims.

As the Court explained in Rhines –

"Under this procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."

Rhines, 544 U.S. at 275-76.

However, the "stay and abeyance" procedure authorized by Rhines is not applicable to every habeas petition that contains an unexhausted claim. The Supreme Court has emphasized that:

"[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

Id. at 277.

In this case, Petitioner seeks a Rhines stay-and-abeyance order because he fears that without such an order, the one-year habeas statute of limitations will prevent him from ever seeking federal habeas review of his conviction and sentence. By Petitioner's reckoning, the one-year statute of limitations began to run on August 19, 2003, when the Minnesota Supreme Court denied his request for further review of his direct appeal, and the statute continued to run until approximately August 13, 2004, when he tolled the statute, pursuant to 28 U.S.C. § 2244(d)(2), by filing his state post-conviction motion.[3] Thus, according to Petitioner's calculations, he has "5-8 days" left before the one-year federal statute of limitations expires. ("Motion For Stay And Abeyance," [Docket No. 6], pp. 1-2, ¶ 2.)

The Court finds that Petitioner's request for a stay-and-abeyance order should be denied, for two reasons. First, it does not appear that Rhines is applicable here, because the federal habeas statute of limitations will not have expired when this action is dismissed. It clearly appears from Petitioner's submissions that his case will still be pending in the state courts, and that the federal habeas statute of limitations will continue to be tolled, after this action is summarily dismissed due to non-exhaustion. Therefore, the concern underlying the Rhines stay-and-abeyance rule – i.e., the expiration of the federal habeas statute of limitations while a habeas petition is pending in federal court – is not present in this case.

---

[3] Petitioner claims that under the "mail-box rule," his post-conviction motion is deemed to have been filed, and the federal statute of limitations was effectively tolled, on the date when he asked prison officials to mail his post-conviction motion. He purportedly asked to have his post-conviction motion mailed on or about August 13, 2004, and he claims that is the effective filing date of his post-conviction motion, for purposes of tolling the federal statute of limitations, even though the motion was not received and filed by the trial court until August 19, 2004.

Furthermore, Petitioner is not entitled to a stay-and-abeyance order, because he has not satisfied the Rhines "good cause" requirement – i.e., he has not shown good cause for his failure to exhaust his state court remedies for all of the claims that he is attempting to advance in his current federal habeas petition. Petitioner's only discernible attempt to show good cause is his vague statement that he was "unable to litigate freely under the U.S. Constitution 1st Amend. due to government interference with my ability to access the courts." This bare allegation alone does not adequately explain why Petitioner failed to exhaust his state court remedies before filing his current federal habeas corpus petition. Thus, the Court finds that Petitioner has not shown good cause for his failure to exhaust all of his current claims before he filed this action.[4]

The Court understands Petitioner's concerns about his ability to seek federal habeas review in a timely manner after his pending post-conviction proceedings have been fully resolved at every available level of the state courts.[5] Nevertheless, a stay-and-abeyance order is not available pursuant to Rhines, for the reasons discussed above. Therefore, unless Petitioner were to file an amended petition that sets forth only his fully exhausted habeas

---

[4] Having determined that Petitioner has failed to show good cause for his failure to exhaust, there is no need to fully consider the other criteria for granting a stay-and-abeyance order – namely whether the Petitioner's claims are potentially meritorious. See Rhines, 544 U.S. at 277. The Court notes, however, that given the poor presentation of Petitioner's claims, (as pointed out at p. 2, supra), it would be difficult to conclude that those claims might have merit.

[5] However, Petitioner's situation may not be as dire as he seems to think, because it appears he may have overlooked the Eighth Circuit's decision in Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). That case holds that a state criminal conviction is not "final," and the federal habeas statute of limitations period therefore does not begin to run, until after the deadline for seeking certiorari review in the United States Supreme Court following a direct appeal in the state courts.

claims, the present action must be summarily dismissed, without prejudice, due to non-exhaustion.[6]

Because the Court has concluded that this action must be summarily dismissed due to non-exhaustion, the Court will recommend that Petitioner's application to proceed in forma pauperis, (IFP), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 5), be **DENIED**;

2. Petitioner's "Motion For Stay And Abeyance Of Federal Habeas Corpus Proceedings," (Docket No. 6), be **DENIED**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

DATED: June 27, 2006                    s/Jeanne J. Graham
                                        _____
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 17, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of

---

[6] Petitioner should bear in mind that prisoners cannot file serial applications for federal habeas review. 28 U.S.C. § 2244(b). Therefore, if Petitioner elects to amend and pursue only his fully-exhausted claims, he will undoubtedly forfeit any opportunity for future federal habeas review of his unexhausted claims.

those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.